IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**THOMPSON'S WATERPROOFING, LLC**

\* Debtor

| | |
|---|---|
| Chapter: | **7** |
| Case Number: | **5-14-bk-01273-JJT** |
| Nature of Proceeding: | **First and Final Application for Compensation and Reimbursement of Expenses of Ciardi Ciardi & Astin, Counsel to the Debtor for the Period of March 21, 2014 through October 16, 2014 (#159) AND Trustee's Motion for an Order Compelling Turn Over of Retainer (#161)** |

# **OPINION**[1]

Ciardi Ciardi & Astin, (hereinafter "Ciardi"), has filed a First and Final Application for Compensation and Reimbursement of Expenses as counsel to the Debtor for the period encompassing March 21, 2014 through October 16, 2014. Not only did Ciardi request approval of its Application for compensation of fees and expenses, but it also sought permission from the Court to apply a retainer received from the Debtor, pre-petition, as a credit toward the total fees requested. This Application is on the docket at Doc. #159. This request for reimbursement was met by an Objection of the Trustee, William G. Schwab, (hereinafter "Trustee"), coupled with a Motion for an Order Compelling Turn Over of the Retainer held by Ciardi. See Doc. #161.

Before I address the merits of the Application for reimbursement of fees and expenses and the Trustee's Objection thereto, I note that regardless of whether an objection is filed to any fee application in a bankruptcy case, I am instructed by the Third Circuit that I have an independent obligation under the United States Bankruptcy Code to review the fee application under the standards set forth in *In re Busy Beaver Building Centers, Inc*., 19 F3d 833 (3rd Cir.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

1994). Furthermore, as indicated on the Order appointing Ciardi as Debtor's counsel, the execution of the Order of employment is not a guarantee that payment will be approved in the full amount requested by counsel. Doc. #35. See, also, *In re Engel*, 124 F3d 567 (3rd Cir. 1997).

Ciardi's fee application requests compensation in the amount of $33,077.50 together with expenses in the amount of $1,829.55, for the period from March 21, 2014 through and including October 16, 2014. The Trustee's objections to the fee application are concentrated mainly on two points. The first is an objection to several of the time entries concerning the preparation and revision of both a disclosure statement and a plan of reorganization. The Trustee objects to these entries because a review of the docket reflects that neither a plan of reorganization nor disclosure statement was filed in this case. I have had occasions to review the appropriateness of requests in fee applications for services that seemingly had no outward benefit to an estate, e.g., requests for time and expenses put forward by counsel in an adversary proceeding which was denied or dismissed with no direct benefit to the estate. In some circumstances, failure to be successful does not compel a denial of the request for fees and expenses. *In re Wireless Telecomm., Inc.*, 449 B.R. 228, 232 (M.D.Pa.2011). After my review of the fee application, and except as otherwise noted, I find the request for compensation for services rendered and reimbursement for expenses is reasonable, actual, and necessary under the dictates and the factors enumerated in 11 U.S.C. § 330 (Compensation of officers).

The second objection to the fee application is for the amount that was billed from the period from and after the appointment of the Trustee in this case. This amount approximates $1,225.00 of the total fee request. At the time of the hearing, Ciardi agreed to withdraw his request for that portion of the fees for services rendered from the date of the appointment of the Trustee and thereafter and that portion of the request for compensation will be disregarded.

My analysis of the fee application does not end here. While I have found that the request for fees and expenses is reasonable, actual, and necessary under the dictates and the factors enumerated in 11 U.S.C. § 330, the total award may be impacted by the fee arrangement between the parties. Of primary significance in determining that arrangement is the Disclosure of Compensation of Attorney for Debtor under Federal Rule of Bankruptcy Procedure 2016(b) found on the docket at #8. The Disclosure of Compensation reads, in its entirety, as follows:

> Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor in contemplation or in connection with the bankruptcy case is as follows:
> a. Ciardi Ciardi & Astin received a retainer $20,000.00 from the Debtor on the Petition Date. Ciardi Ciardi & Astin billed $2,500.00 and drew down $2,500.00 prior to filing, leaving a retainer of $17,500.00.
> b. I have not agreed to share the above-disclosed compensation with any person unless they are a member of this firm.
> c. **In return for the above-disclosed fee, I have agreed to render legal services for all aspects of the bankruptcy case including**:
> i. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> ii. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
> iii. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> iv. Representation of the debtor in adversary proceedings and other contested bankruptcy matters. (Emphasis added.]

Furthermore, the Application of Debtor to Employ Counsel found on the docket at #15 indicates the professional services which Ciardi will render on behalf of the Debtor at paragraph 5, which paragraph, and its subsections, reads as follows:

> 5. Ciardi Ciardi & Astin is to render the following professional services:
> (a) to give the Debtor legal advice with respect to its powers and duties as Debtors-in-Possession;
> (b) to prepare on behalf of the Debtor necessary applications, answers, orders, reports and other legal papers; and
> (c) to perform all other legal services for the Debtor which may be necessary herein.

Consistent with the 2016(b) Disclosure, a Declaration in Support of Debtor's Application to Employ Ciardi, attached to the Application to Employ, at paragraph 6, indicates Ciardi was retained and received a retainer of $20,000 from the Debtor on the petition date and, furthermore, drew down $2,500 of that retainer for prepetition services leaving a balance in the retainer of $17,500. While the Trustee argues the retainer in question is a special retainer, he stops short of categorizing that special retainer as either a security retainer or an advanced fee retainer. The main difference is that in an advanced fee retainer, the ownership of the funds passes to the attorney at the time of the payment. See *In re Renfrew Center of Florida, Inc.*, 195 B.R. at 338. Ciardi neither argues the retainer it holds is a general retainer nor an advanced fee retainer, in which the funds are transferred to the attorney at the time of payment. To the contrary, Ciardi argues the retainer is held as a traditional security retainer. See, Ciardi Objection to the Motion for an Order Compelling Turnover of Retainer at ¶¶ 32 and 37 (Doc. #241). A prepetition security retainer is

> delivered essentially to serve as collateral security for subsequent payment of allowed fees, thus transforming the attorney into a secured creditor with a possessory perfected security interest in such monies to the extent that the retainer covers fees which are ultimately approved by the Court for services performed.

*In re Pannebaker Custom Cabinet Corp.*, 198 B.R. at 460 citing *In re Baltic Associates L.P.*, slip. op., 1994 WL 791634 (Bankr.E.D.Pa. Mar. 16, 1994) (citing 13 Pa.C.S. § 9304 now 13 Pa.C.S.A. § 9312.]

In the Declaration attached to its application for employment, Ciardi certified that it was a "disinterested person" as that term is identified in 11 USC § 101(14). However, one can not be both creditor and a disinterested person by definition. If that firm, indeed, did possess a security interest in the debtor's assets, it could not be appointed a professional in the estate. *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3rd Cir.1994).

Nevertheless, considering the 2016 Statement and the Application for Appointment as a

whole, the Court finds Ciardi has agreed to represent the Debtor in the above-captioned case limiting its reimbursement for services to the remaining $17,500 retainer. This relationship fits the category of "special retainer" where counsel agrees to perform services for the debtor for a flat fee. More specifically, what appears to best fit the relationship between Debtor and counsel is not a security retainer but, rather an advance fee retainer agreement in which "the attorney receives payment in advance for contemplated legal services and depletes the prepaid fund as services are rendered. Advance fee retainers differ from security retainers in that ownership of the funds is intended to pass to the attorney at the time of the payment." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 217 at n. 11 (3d Cir.1999), quoting from *In re The Renfrew Ctr. of Fla., Inc.*, 195 B.R. 335, 338–39 (Bankr.E.D.Pa.1996).

> [A]greements between attorney and client are generally controlled by the law of contracts. As such, [a]n express contract specifying a stated compensation for a lawyer's service is generally conclusive as to the amount of compensation, subject to review by the courts, unless made under a mistake of fact. Samuel Williston, A Treatise on the Law of Contracts, 10:925 Â§ 1285A. Counsel and client can agree that a fund transferred to the lawyer represents a prepayment for future legal services, or they can agree that such payment represents security for services to be rendered in the future.

*In re Gray's Run Technologies, Inc.*, 217 B.R. 48, 54 (Bankr. M.D. Pa. 1997)

Having analyzed the relationship between Debtor and counsel, I turn now to the Trustee's arguments in favor of turnover. The Trustee's position can be summarized as follows. Ciardi neglected to enter into any written engagement with the Debtor in violation of Rule 1.5 of the Pennsylvania Rules of Professional Conduct and, as such, in the absence of an engagement agreement signed by the Debtor, Ciardi cannot demonstrate it has an attorney's lien, charging lien or similar interest in the retainer funds. The retainer funds are property of the Debtor's estate and must be turned over to the Trustee. Ciardi admits it does not have a written agreement signed by the Debtor but advances that their agreement is embodied in the Rule 2016(b) Disclosure found at Doc. #8 and the Application to Employ Ciardi with the Declaration in Support of the Debtor's

Application to Employ attached thereto at Doc. #15.

I begin with a review of the applicable provisions of Rule 1.5 (Fees) of the Pennsylvania Rules of Professional Conduct. The pertinent parts of this Rule read as follows:

> (a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. . . .
> (b) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

The Comment to this Rule is very instructive when making a determination of the minimum requirements of any agreement between a lawyer and client. The Comment: Basis or Rate of Fee at paragraph [1] provides the following:

> In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established. It is not necessary to recite all the factors that underlie the basis of the fee, but only those that are directly involved in its computation. It is sufficient, for example, to state that the basic rate is an hourly charge or a fixed amount or an estimated amount, or to identify the factors that may be taken into account in finally fixing the fee. When developments occur during the representation that render an earlier estimate substantially inaccurate, a revised estimate should be provided to the client. A written statement concerning the fee reduces the possibility of misunderstanding. Furnishing the client with a simple memorandum or a copy of the lawyer's customary fee schedule is sufficient if the basis or rate of the fee is set forth.

I find the Application to Employ Ciardi, filed and signed by Troy Thompson as president of the Debtor, Thompson's Waterproofing, LLC, together with the Declaration in Support of that Application filed by Ciardi, meets the requirements of Rule 1.5 of the Pennsylvania Rules of Professional Conduct.

It is for all of the foregoing reasons the Court makes the following findings:

1. The Application to Employ and the Ciardi attachment thereto at Doc. #15 is sufficient to comply with the requirements of Pennsylvania Rule of Professional Conduct 1.5.

2. Ciardi holds an advance fee retainer which became the attorney's property upon receipt.

3. The Court finds the retainer does not have to be disgorged by way of turnover to the Chapter 7 Trustee.

4. Ciardi's fee application is granted, in part, and denied, in part. Because the Court finds the retainer agreement caps Ciardi's request for compensation for services rendered and is limited to the remaining $17,500 of the original $20,000 retainer, Ciardi's fee application is granted only in the amount of $17,500, together with expenses of $1,829.55.

My Order will follow.

By the Court,

*[signature]*

Date: January 7, 2016

John J. Thomas, Bankruptcy Judge

(CMS)